UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Civ. Action No. 04-2033 (CKK) |
| SEAN A. BELL, | Crim. Action No. 03-248 |
| Defendant/Petitioner. | |

**FILED**

JUL - 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**
(July 9, 2008)

Currently before the Court is Defendant Sean A. Bell's [28] Motion to Vacate, Set Aside, or Correct his sentence brought under 28 U.S.C. § 2255. Defendant's Motion, which he supplemented on April 7, 2005, asserts that his sentence is unconstitutional based on the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The Government opposed Defendant's Motion on June 13, 2005, and Defendant filed a Reply on June 23, 2005.

Although Defendant casts his initial arguments in terms of *Blakely* violations, the Supreme Court's decision in *Blakely v. Washington* was issued in the context of the Washington state sentencing guidelines and expressly did not implicate the Federal Sentencing Guidelines under which Defendant was sentenced. *See Blakely*, 542 U.S. at 305, n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."); *United States v. Carr*, Civ. A. No. 05-2055, 2006 U.S. Dist. LEXIS 6407 at *9 (D.D.C. Feb. 21, 2006) ("the *Blakely* Court specifically declined to address whether its interpretation of the Sixth Amendment had any consequences for the [F]ederal Sentencing Guidelines"). Although the Supreme Court's *Booker*



decision *did* implicate the Federal Sentencing Guidelines, the D.C. Circuit has held that *Booker* may not be applied retroactively to cases proceeding, as here, on collateral review. *See In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007) ("[w]e . . . conclude, as have all our sister circuits, [that] *Booker* does not meet the criteria for retroactive application"); *In re Zambrano*, 433 F.3d 886, 889 (D.C. Cir. 2006) ("we conclude that *Booker* is not a new rule of constitutional law 'made retroactive to cases on collateral review by the Supreme Court'") (quoting 28 U.S.C. § 2255). Defendant was sentenced by this Court on November 17, 2003, and the *Booker* decision was subsequently decided by the Supreme Court on January 12, 2005. Accordingly, Defendant's grounds for relief based on *Blakely* and *Booker* are not legally cognizable. The Court shall therefore deny Defendant's [28] Motion to Vacate, Set Aside, or Correct his sentence brought under 28 U.S.C. § 2255.[1] An appropriate order accompanies this memorandum opinion.

Date: June 8, 2008

                                             /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge

---

[1] Because there are no factual allegations that require resolution by the Court, the request for an evidentiary hearing made in Defendant's Motion is denied. *See United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (holding that the decision to hold a hearing for a § 2255 motion is "committed to the district court's discretion"), *cert. denied*, 506 U.S. 915 (1992). Further, because of the disposition above, it is unnecessary for the Court to reach the Government's alternative argument in its Opposition that Defendant is procedurally barred from raising these claims because he has not shown cause and prejudice after failing to raise them on his direct appeal.